
M'INTYRE and others *against* MANCIUS and BROWN.

In a bill of discovery for matters material to the defence of the party, in a suit *October* 2. at law against him, the nature of the defence at law must be stated, otherwise this court will not grant an injunction.

PETITION of the plaintiffs, stating that they were prosecuted at law in the supreme court by the defendants. That the cause was put at issue on the 17th of *June* last. That the cause is noticed for trial at the circuit court, to be holden at *Albany* on the 7th inst. That the plaintiffs filed their bill for a discovery of matters therein specified, on the 29th of *July* last. That the defendants entered their appearance on the 30th of July. That the six weeks expired on the 10th of *September*, and the defendants did not answer, but on the 23d of *September*, filed a demurrer. That the answer will furnish discovery material to their defence, and without which it would be unsafe to proceed to trial.

Prayer for an injunction.

The bill for discovery stated, in substance, that the plaintiffs, without interest, and for accommodation of *Dow and Menzies*, endorsed their note for 4,000 dollars in blank. That the note passed to the defendant *M.* as his property. That they have a good and perfect defence to the note, and that the other defendant *B.* is a material witness for them, and had not, when the suit was brought, and has not now, any interest in the note. That the suit has been brought by *M.* under the blank endorsement, in the name of both defendants, with full knowledge of the materiality of *Brown's* testimony, and with the sole view of depriving the plaintiffs of his testimony. That there are facts exclusively in his knowledge, which cannot be proved *aliunde*, and that *D. & M.* are insolvent. The de-

1817.

M'INTYRE
v.
MANCIUS.

rendants demurred to the bill of discovery, and stated, as special causes of demurrer, that the plaintiffs have not set forth the nature of their defence at law, and do not show that the discovery sought is necessary, or would be material.

*Van Buren*, (Att. Gen.) for the petitioners. He contended, that it was not necessary in the bill to state the nature of the defence at law. That this court is not to judge of the materiality of the discovery, any further than to see that it is not obviously frivolous. (1 *Bro.* 95. and 3 *Bro.* 155. *Bishop of London* v. *Fytche*, and *Rendow* v. *Wyatt*.) That it is competent and material to show upon the trial, that one of the plaintiffs at law has no interest in the suit; (*Buckland* v. *Tankard*, 5 *Term Rep.* 578.) and that the blank endorsement made no difference. That *B.* might be a witness at law, if it appeared he had no interest in the suit, though he was a party on record.

That the application, by petition, is proper, and that the court would restrain the process at law, until answer. (*Appleynard* v. *Seton*, 16 *Vesey*, 220.)

*Henry*, contra, objected, that the plaintiffs were not entitled to the assistance of this court, inasmuch as they had not stated in their bill the nature of the defence at law, to enable this court to determine whether the discovery should be enforced. This was indispensable, and it rested in the knowledge of the party.) 1 *Johns. Ch. Rep.* 302. 548. *Cooper's Eq. Pl.* 60. *Mitf.* 52,)

If the defence was, that the note was forged by one or both of the defendants, or that it was given for money won at play, or for usury, the discovery could not be compelled. (*Cooper's Eq. Pl.* 202, 3, 4, 5, 6, 7. 1 *Atk.* 539. 1 *Bro.* 97. 14 *Vesey* 59. 65. 1 *Johns. Rep.* 367. 439.)

The demurrer, though joint, is good as to the defendant *M.* (*Cooper's Eq. Pl.* 1133. 8 *Viner*, 403. 440.)

The answer of *Brown* could not be material as respects *M.,* nor impair the action as to him.

A demurrer lies, if the discovery does not appear to be material. (*Cooper's Eq. Pl.* 198, 199.)

The defendants are also charged with a *conspiracy* to deprive the plaintiffs of *Brown's* testimony, and on that ground are not bound to disclose.

*Brown* is also charged with *maintenance,* in lending his name to carry on a law suit, and a bill for *that* discovery may be demurred to. (*Cooper's Eq. Pl.* 204. note *m.*)

THE CHANCELLOR. There is no sufficient equity set October 2. forth in the bill, to entitle the plaintiffs to the aid prayed for. The nature of the defence at law ought to have been stated. For any thing that appears on the bill, the discovery called for may be utterly useless or frivolous, or it may be to enable the defendants at law to convict the plaintiffs of a crime, or to subject them to a forfeiture. It is not improbable that the defence at law is usury, and then the assistance of this court would be obtained, without a previous offer to do the present defendants justice, by paying the sum equitably due. The plaintiffs cannot be entitled to the process of this court, to stay the action at law, unless some clear and certain equity appears upon their bill; and unless they show a right to a discovery, they show no equity. The court ought not to compel a discovery, when the object or purpose of it is kept concealed. I am bound to exercise a sound discretion in the application of the powers of the court, and this cannot be done, if I am not possessed of the facts to enable me to judge of the meteriality of the discovery. I ought not to rely exclusively upon the party's own opinion, that the disclosure would be proper and material. On this single ground, then, of a want of disclosure by the bill, of the purpose

for which the discovery sought is to be used, the motion for an injunction is denied.

Motion denied.